*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0265**

State of Minnesota,
Respondent,

vs.

Donald Robert Edwardson,
Appellant.

**Filed March 16, 2015
Affirmed
Bjorkman, Judge**

Clay County District Court
File No. 14-CR-12-3326

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Chief Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges his conviction of failure to register as a predatory offender, arguing that the evidence is insufficient to prove that he (1) was required to register and (2) failed to register his new primary address. We affirm.

## FACTS

Appellant Donald Edwardson was initially required to register as a predatory offender following a 1997 conviction of third-degree criminal sexual conduct. Edwardson was released from incarceration in 2002, and his required registration period was scheduled to expire in late July 2012. But he was convicted of failing to register as a predatory offender in 2003; accordingly, his registration period was extended to January 2019.[1] The registration statute requires Edwardson to inform the Minnesota Bureau of Criminal Apprehension (BCA) or law enforcement whenever he changes his primary address.

In August 2011, Edwardson registered a new primary address in Moorhead. In June 2012, Edwardson signed a BCA address verification form confirming that the registered Moorhead residence was still his primary address.

Edwardson moved out of his registered Moorhead residence the following month. After briefly staying with various friends in Moorhead in July, Edwardson moved in with his friend, D.V., in Fargo, North Dakota. In late August 2012, D.V. contacted law

---

[1] In 2011, Edwardson's registration period was erroneously extended to 2026 due to his incarceration for civil contempt. At trial, the state admitted that this extension was erroneous and that the proper termination date is 2019.

enforcement because she suspected Edwardson had stolen some of her property. In the course of investigating this report, officers discovered Edwardson no longer lived at his registered Moorhead address. When contacted by law enforcement, Edwardson admitted he no longer resided at his registered Moorhead address. Respondent State of Minnesota charged Edwardson with failing to register his new residence. Following a jury trial, Edwardson was convicted of the charged offense. Edwardson appeals.

## D E C I S I O N

When considering a sufficiency-of-the-evidence challenge, we examine the evidence in the light most favorable to the conviction to determine if it would permit a jury to reasonably conclude that the defendant was guilty of the offense. *State v. Nelson*, 812 N.W.2d 184, 187 (Minn. App. 2012). We assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

## I.   Sufficient evidence supports the jury's determination that Edwardson was required to register as a predatory offender in August 2012.

Edwardson acknowledges that he was convicted of failure to register in 2003. But he contends that the evidence was insufficient to prove that he was required to register beyond July 2012 because the state did not show he was incarcerated for his 2003 offense. We disagree.

Edwardson's argument fails to account for the fact that a predatory offender's registration period may be extended for a number of reasons. Minn. Stat. § 243.166, subd. 6(c) (2012), the statute Edwardson cites, provides that an offender's ten-year

3

registration period restarts upon his release from incarceration for a new offense. But subdivision 6(b) of this statute provides that an offender's registration period is extended by five years if he fails to register, regardless of whether he was convicted of or incarcerated for the registration offense. *Id.*, subd. 6(b) (2012).

At trial, the state presented ample evidence of Edwardson's 2003 failure-to-register conviction. First, the state presented a certified copy of the conviction. Second, a BCA agent explained how Edwardson's 2003 conviction operated to extend his registration period. Third, the state presented multiple BCA annual verification forms that indicated Edwardson's registration period ends on January 15, 2019. These verification forms include a section wherein Edwardson acknowledged, by signing his initials, that if he violates the registration statute his registration period would be extended by five years, and if he was incarcerated, the registration period would restart upon his release. In sum, there was sufficient evidence that Edwardson's registration period was extended due to his failure-to-register conviction and that he was required to register in August 2012.

## II. Sufficient evidence supports the jury's determination that Edwardson established a new primary address without providing the required notice.

The predatory-offender-registration statute requires Edwardson to register his primary address with law enforcement, *id.*, subd. 4a(1) (2012), and to give written notice to law enforcement at least five days before acquiring a new primary address, *id.*, subd. 3(b) (2012). "Primary address" is defined as "the mailing address of the person's dwelling." *Id.*, subd. 1a(g) (2012). "Dwelling" is "the building where the person lives

4

under a formal or informal agreement to do so." *Id.*, subd. 1a(c) (2012). Edwardson was convicted of failing to provide written notice to the BCA or law enforcement of his new primary address after he left his registered Moorhead address. Edwardson contends that the state did not meet its burden of proof because he did not have a new primary address due to his transient living arrangements. We are not persuaded.

First, the state presented ample evidence that Edwardson's registered Moorhead address was not his primary address after July 2012. D.V. testified that Edwardson told her that he had been kicked out of his Moorhead residence in early July 2012. Officer Mark Voigtschild testified that Edwardson admitted in September 2012 that he did not live at his registered Moorhead address, and that he had been living with D.V. in Fargo and with other acquaintances in Moorhead. And Officer Gabriel Tweten testified that the owner of the registered Moorhead residence informed him in September that Edwardson was no longer living there.

Second, there was sufficient evidence that Edwardson established a new primary address with D.V. in Fargo. D.V. testified that initially Edwardson was "couch surfing," but ultimately came to live with her for "about a month, from around July through August." D.V. also stated that Edwardson brought his belongings to her apartment, including "two or three duffle bags and a very large tool box that weighs maybe 40 pounds full of tools." In short, the evidence shows that Edwardson lived with D.V. in Fargo. Neither the one-month duration nor the informal nature of Edwardson's living arrangement with D.V. are inconsistent with the jury's determination. *See* Minn. Stat. § 243.166, subd. 1a(c) (defining dwelling as a place where a person lives under an

5

"informal agreement to do so"); *see also State v. Iverson*, 664 N.W.2d 346, 353 (Minn. 2003) (acknowledging that the living arrangements of "an offender who lives in a shelter for three weeks or on a couch in a friend's apartment for six months" are stable enough to require compliance with the address-registration requirements.)

Finally, it is undisputed that Edwardson did not notify the BCA or law enforcement that he had moved out of his registered Moorhead residence or that he was living with D.V. Edwardson knew, from signing the annual BCA address-verification forms, that he was required to do so. On this record, we conclude that there was sufficient evidence for the jury to find that D.V.'s apartment constituted a new primary address and that Edwardson violated the predatory-offender-registration statute when he failed to notify law enforcement of his address change.

**Affirmed.**